IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY KELLY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-07-259 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

On April 13, 2007, petitioner filed this petition for a writ of habeas corpus,

challenging several disciplinary actions by the Texas Department of Criminal

Justice, Correctional Institutions Division ("TDCJ-CID").  (D.E. 1).  On September

25, 2007, respondent filed a motion for summary judgment.[1]  (D.E. 17).  On

October 31, 2007, petitioner filed his own motion for summary judgment, (D.E.

19), which the Court has construed as a reply to respondent's motion.  For the

reasons stated herein, it is respectfully recommended that respondent's motion for

summary judgment be granted.

--------

[1] Respondent also cites Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that petitioner "fails to state a claim for which relief can be granted."  (D.E. 17, at 1).  The Fifth Circuit recently explained that courts may not dismiss habeas petitions pursuant to Rule 12(b)(6) because "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas." Miramontes v. Driver, No. 05-41822, 2007 WL 2110933, at *1 (5th Cir. July 23, 2007) (per curiam) (unpublished) (citation omitted).  Because the document is captioned as a motion for summary judgment, it is construed as such.

# I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is incarcerated in the McConnell Unit in Bee County, Texas, (D.E. 17, at 1), and therefore jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).

# II. BACKGROUND

On April 13, 1992, petitioner pleaded guilty to possession of cocaine and was sentenced to twenty years of imprisonment in cause number 92-04-15, 030CR. (D.E. 17, Ex. A, at 1).  He does not complain about his underlying state conviction, but rather challenges punishments imposed by TDCJ-CID pursuant to three separate disciplinary proceedings.[2]  (D.E. 1, at 16).

---

[2] Although Rule 2(e) of the Rules Governing Section 2254 Cases requires that each petition seek relief from the judgment of only one state court, the Fifth Circuit has explained that "[t]he TDC is not a state court, and the application of good conduct time is not a judgment." Story v. Collins, 920 F.2d 1247, 1251 (5th Cir. 1991) (allowing a petitioner to challenge both the state criminal conviction and a subsequent disciplinary proceeding in the same application); cf. Wadsworth, 235 F.3d at 962 (TDCJ-CID's grievance process is not a state court for purposes of the jurisdictional requirement in § 2241(d)).

**A.      Disciplinary Case Number 20070122816.**

On December 29, 2006, petitioner was accused of being out of place in case number 20070122816.  Disciplinary Hearing Report ("DHR") at 9.  On January 3, 2007, at 5:10 a.m., petitioner was notified that his disciplinary hearing was scheduled for the following day at 7:25 a.m.  Id. at 5.  At the January 4, 2007 hearing, petitioner explained that "he had gone to grab something," admitting that "he did not have authorization."  Id. at 8.  The Disciplinary Hearing Officer punished him with the loss of fifteen days of good-time credit, along with forty-five days of cell and commissary restriction.  Id.

On January 10, 2007, petitioner filed a Step 1 grievance asserting four claims: 1) his punishment was not supported by sufficient evidence, 2) the hearing officer was biased, 3) the punishment was too severe, and 4) he did not have any accrued good-time to forfeit.  Disciplinary Grievance Report ("DGR") at 1.  On February 2, 2007, Warden R. Herrera responded that "the preponderance of credible evidence was sufficient to warrant the decision & penalties imposed."  Id. at 2.

In his Step 2 grievance, petitioner complained

> I am dissatisfied with the response at Step 1 because it is misleading and incoherent.  Disciplinary case 20070122816 punishment is void and improper.

3

> According to state law if an inmate commits an offense
> or violates a rule of the division, the department may
> forfeit all or any of the inmate's accrued good conduct
> time.  On Jan. 04, 2007, the day of my hearing the
> [hearing officer] took 15 day [sic] good time but I did
> not have any accrued good time.

Id. at 3.  On February 21, 2007, the grievance investigator responded that

> Major Disciplinary Case # 20070122816 has been
> reviewed.  The disciplinary charge was appropriate for
> the offense and the guilty verdict was supported by a
> preponderance of the evidence.  All due process
> requirements were satisfied.  The punishment assessed by
> the Disciplinary Hearing Officer was within agency
> guidelines and progressive.  You did not have accrued
> good time to take; however, assessing a loss of 15 days
> did not violate a policy or exceed penalty guidelines.  No
> evidence of a bias [sic] hearing officer.  No further action
> is warranted in this matter.

Id. at 4.

**B.      Disciplinary Case Number 20070145990.**

On January 22, 2007, petitioner was accused of attempting to establish an

inappropriate relationship with a staff member in case number 20070145990.

DHR at 4.  On January 25, 2007, prison officials notified him that his hearing

would be held on January 31, 2007.  Id. at 1.  Based on the testimony of the

charging officer, petitioner was found guilty and again punished with forty-five

days of commissary and cell restriction.  Id. at 3.  Petitioner was also held in

solitary confinement for fourteen days.  Id.  On February 1, 2007, he filed a Step 1 grievance, but did not proceed to Step 2 after the grievance was returned on March 8, 2007.  DGR at 5-6.

## C.    Disciplinary Case Number 20070162959.

On February 15, 2007, petitioner was found guilty of sexual misconduct in case number 20070162958 and punished with twenty-eight days of cell restriction, forty-three days of commissary restriction, and continued assignment to line class III.  DHR at 10.  Petitioner did not file any grievance related to this hearing.  Id.

## III.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is appropriate when there is no disputed issue of material fact and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court must consider the record as a whole, reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all reasonable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960-61 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot carry his burden by merely resting on allegations in the pleadings, but must set forth material controverted facts in his response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which he bears the burden of proof at trial."  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (quoting Celotex, 477 U.S. at 322-23).

# IV.  DISCUSSION

Petitioner alleges that each hearing was constitutionally defective for the following reasons: 1) he was denied procedural due process when he was not allowed to be heard and defend himself, 2) he was denied effective assistance of counsel substitute, and 3) there was not sufficient evidence to support the hearing officer's decision.[3]  (D.E. 1, at 16).  As a fourth ground for relief, petitioner alleges that his punishment was too severe because the hearing officer took fifteen days of good-time credit in violation of "Disciplinary Rules, Procedures and Policies,"[4] as well as state law, in the hearing for case number 20070122816.  Id.  Petitioner provides no case law to support his claims and, other than alleging that "[o]n

---

[3] The Fifth Circuit has explained that "pro se habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." Bledsue v. Johnson, 188 F.3d 250, 255 (5th Cir. 1999) (citations omitted).  Petitioner presents his third claim as a claim of adjudicator bias evidenced by the lack of a "Prepondwerance [sic] of Evidence for a Finding of Guilt" and the fact that "[t]he Disciplinary Hearing Officers accepted conflicting testimony."  Neither of these allegations, if true, would violate a constitutional right, or even indicate wrongdoing by a hearing officer.  Instead, they fall well short of showing the "hazard of arbitrary decisionmaking" necessary to show unconstitutional bias here.  Wolff v. McDonnell, 418 U.S. 539, 571 (1974)); see also Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) ("Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'") (citations omitted).  Because both grounds relate to the sufficiency of the evidence against him and petitioner alleges no other facts from which bias could be inferred, this claim is construed instead as challenging the sufficiency of the evidence supporting the adverse decisions.

[4] Petitioner may be referring to the TDCJ-CID publication "Disciplinary Rules and Procedures for Inmates," available at http://www.tdcj.state.tx.us/publications/ publications-home.htm.

7

January 31, 2007, the [hearing officer] told me to shut up at the hearing," merely

asserts legal conclusions without offering any factual bases for them.  Id.

**A.      Petitioner's Procedurally Defaulted Claims.**

Petitioner seeks relief pursuant to 28 U.S.C. § 2254, and was therefore

required to exhaust all of his claims in state court before filing this federal habeas

petition.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.

1999) (citation omitted).  The exhaustion requirement is satisfied when the

substance of the federal habeas claim has been fairly presented to the highest court

of the state.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842-48 (1999); Fisher, 169

F.3d at 302 (citation omitted).  However, Texas courts do not hear appeals of

prison disciplinary proceedings.  Ex parte Palomo, 759 S.W.2d 671, 674 (Tex.

Crim. App. 1988); Ex parte Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1985) (en

banc).  Prisoners challenging these proceedings must instead complete the TDCJ-

CID's administrative grievance procedure before seeking habeas relief in federal

court.  Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citation omitted);

Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980).

TDCJ-CID provides a two-step procedure for presenting administrative

grievances.  Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam).  An

inmate properly exhausts a claim by presenting it in Step 1 and Step 2 grievances.

8

Morgan v. Dretke, 433 F.3d 455, 457 (5th Cir. 2005); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  Petitioner did not file a Step 2 grievance for case number 20070145990, and did not file any grievance at all for case number 20070162958.[5]  It is therefore respectfully recommended that all of petitioner's claims relating to disciplinary case numbers 20070145990 and 20070162958 are unexhausted.

The Fifth Circuit has explained that when "a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" the claims are procedurally defaulted.  Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).  However, if a petitioner carries his burden of showing that the procedural bar is not strictly or regularly followed, procedural default does not apply.  See Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997); Stokes v.

---

[5] In his own motion for summary judgment, petitioner alleges that although he "repeatedly tried to submit and file Step 2 grievances related [to these two disciplinary cases,]" he "was not allowed the opportunity by McConnell Unit Grievance Investigators when [he] arrived on the Unit between February 22-24 because the Grievance time has [sic] expired." (D.E. 19, at 3).  Because he does not allege attempting to file a Step 1 grievance for case number 20070162958, he could not have exhausted any associated claims.  As for case number 20070145990, the grievance shows - and petitioner does not dispute - that it was signed and returned on March 8, 2007, making the events of February 22 through February 24 irrelevant.

Anderson, 123 F.3d 858, 860 (5th Cir. 1997).

The Texas legislature has given the Director of the TDCJ-CID the power to "adopt policies governing the ... discipline of inmates...."  Tex. Gov't. Code Ann. § 494.002(a).  However, he has not granted hearing officers discretion to relax the fifteen day grievance filing deadline at either step of the process.  TDCJ-CID Offender Orientation Handbook, at 52, available at http://www.tdcj.state.tx.us/ publications/cid/publications-cid-offender-orientation-handbook.htm.  Because petitioner has not alleged that the rule against late petitions is not strictly or regularly applied, much less carried his burden of showing proof on the issue, it is respectfully recommended that all of his unexhausted claims are also procedurally defaulted.  See Emery, 139 F.3d at 195; Stokes, 123 F.3d at 860; see also Moffatt v. Director, TDCJ-CID, 390 F. Supp.2d 560, 563 (E.D. Tex. 2005) (accepting respondent's argument that, in Texas, "unexhausted disciplinary cases are procedurally barred from federal habeas corpus review because they cannot be reviewed in the prison grievance process").

Habeas relief may be granted on procedurally defaulted claims if a petitioner "can demonstrate cause for the defaults and actual prejudice" as a result of the alleged violation of federal law, or else "show that 'failure to consider the claims will result in a fundamental miscarriage of justice.'"  Morris v. Dretke, 413 F.3d

484, 491-92 (5th Cir. 2005) (citations omitted); <u>accord</u> <u>Moawad v. Anderson</u>, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted). "The fundamental miscarriage of justice exception ... is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." <u>Finley v. Johnson</u>, 243 F.3d 215, 220 (5th Cir. 2001) (citing <u>Coleman</u>, 501 U.S. at 750). "To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" <u>Id.</u> at 221 (quoting <u>Fairman v. Anderson</u>, 188 F.3d 635, 644 (5th Cir. 1999)); <u>see also</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995). Petitioner has offered neither good cause for his default nor new evidence of innocence. It is therefore respectfully recommended that this Court cannot excuse petitioner's procedural default.

Petitioner has not procedurally defaulted his claims relating to case number 20070122816. Procedural default does not apply when the state addresses the merits of a petitioner's claim without also finding that claim procedurally barred. <u>Wilkerson v. Collins</u>, 950 F.2d 1054, 1064 (5th Cir. 1992) ("[I]f the state courts reached the merits rather than relying on the procedural bar, we are also free to do so.") (quoting <u>Tasco v. Butler</u>, 835 F.2d 1120, 1122 (5th Cir. 1988)). Where, as in

Texas, there is no judicial review of prison disciplinary proceedings, this rule applies to hearing officer decisions as well because they are the "administrative equivalent to the state's highest court." Moffatt, 390 F. Supp.2d at 563 (citation omitted).

Petitioner's Step 1 grievance alleges insufficient evidence, bias by the hearing officer, and too-severe punishment; it also states that the hearing officer "took 15 days of good time but I did not have any good time on the day of Jan. 05, 2007." DGR at 1. Petitioner's Step 2 grievance asserts only that the hearing officer violated state law by taking good-time credit that petitioner had not yet accrued. Id. at 3. However, in addition to rejecting that claim as meritless, the grievance investigator also responded that "all due process requirements were satisfied," "the guilty verdict was supported by a preponderance of the evidence," and "no evidence of a bias [sic] hearing officer." Id. at 4. He did not state or even imply that the claims were procedurally barred. Id. Because the grievance investigator ruled on the merits of petitioner's claims at Step 2 without also finding them procedurally barred, federal habeas review would not conflict with "giv[ing] proper respect to state procedural rules." Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997) (citing Coleman, 501 U.S. at 750-51). It is therefore respectfully recommended that petitioner's claims arising from case number 2007100122816

12

be considered on the merits because they are not procedurally defaulted.

**B.     The Court Cannot Grant Habeas Relief For Any Punishments Imposed In Case Numbers 20070162958 And 20070145990.**

Notwithstanding a petitioner's failure to exhaust state remedies, an application may be denied on the merits.  28 U.S.C. § 2254(b)(2).  To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge that custody on the basis of federal law.  28 U.S.C. § 2241(c)(3), § 2254(a); Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (a federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States).  Only claims that challenge the fact or length of confinement and seek an immediate or speedier release are cognizable in habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 499 n.14 (1973); see also Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994) (distinguishing conditions of confinement from fact of confinement); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

A petitioner challenging a disciplinary hearing must also show that the punishment intrudes on a protected liberty interest "so as to entitle him to those

minimum procedures appropriate under the circumstances and required by the due

process clause to insure that the state-created right is not arbitrarily abrogated."

Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also

Malachi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot

be had 'absent the allegation by a plaintiff that he or she has been deprived of some

right secured to him or her by the United States Constitution....'") (citation

omitted).  The Supreme Court has explained that these liberty interests "will be

generally limited to freedom from restraint which, while not exceeding the

sentence in such an unexpected manner as to give rise to protection of the Due

Process Clause of its own force..., nonetheless imposes atypical and significant

hardship ... in relation to the ordinary incidents of prison life."  Sandin v. Conner,

515 U.S. 472, 484 (1995) (citations omitted).  The Fifth Circuit has further

explained that "these interests are generally limited to state created regulations or

statutes which affect the quantity of time rather than the quality of time served by a

prisoner."  Madison, 104 F.3d at 767.

In these two disciplinary cases, petitioner was punished with cell restriction,

commissary restriction, placement in solitary confinement, and continuing

assignment to Line Class III.  The first three punishments do not pertain to the fact

or length of confinement.  Even if they did, the loss of commissary and recreation

14

privileges are not atypical, significant deprivations that could encroach upon any liberty interest. Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[Plaintiff's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). Moreover, inmates do not have a protected interest in being free of solitary confinement. See Eckels v. Johnson, 235 F.3d 1340, 2000 WL 1672789 (5th Cir. Oct. 17, 2000) (per curiam) (unpublished) (prisoner failed to establish "that he had a protected liberty interest in remaining free of solitary confinement"); see also Dehghani v. Vogelgesang, 229 Fed. Appx. 282, 283-84 (5th Cir. Apr. 17, 2007) (per curiam) (unpublished) (holding that eight-day period of solitary confinement did not violate a protected liberty interest). Finally, prisoners have no protected interest in assignment to any good-time credit earning status. Malachi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam). Accordingly, it is respectfully recommended that the commissary restriction, cell restriction, line class III assignment, and solitary confinement imposed in case numbers 20070162958 and 20070145990 abrogated no protected liberty interest, and petitioner is therefore not entitled to habeas relief.

15

**C.      Petititioner's Claims Relating To The Punishments Imposed In Case Number 20070122816 Are Without Merit.**

**1.      Petitioner has a liberty interest in good-time credit.**

The forfeiture of fifteen days of good-time credit in case number 20070122816 impacts a liberty interest.  The Fifth Circuit has determined that the Texas mandatory supervision program created a constitutional expectancy of early release for all inmates convicted of offenses committed prior to September 1, 1996. Malachi, 211 F.3d at 957-58.  Petitioner is serving a sentence for a conviction imposed in April 1992 and is eligible for early release.  (D.E. 17, Ex. A, at 1). Therefore, he has a constitutionally protected liberty interest in his earned good-time credit.  See Teague v. Quarterman, 482 F.3d 769, 771 (5th Cir. 2007) (rejecting concept of de minimis infringement because "no amount of previously earned good-time credit is so insignificant that it may be taken away ... without affording the inmate due process").

Petitioner did not forfeit earned good-time credit.  Indeed, he complains that he had not earned any on the date of the hearing.  (D.E. 1, at 16).  It is not clear that prisoners have a liberty interest in good-time credit that has not and may never be earned.  See Malachi, 211 F.3d at 958 (agreeing that "the affect [sic] of [petitioner's] time-earning class on his ultimate release date is too attenuated to

16

invoke the procedural guarantees of the Due Process Clause" because "[petitioner] may, without reference to this or any other disciplinary action, fail to earn the full measure of good-time credit available") (citations omitted); Luken, 71 F.3d at 193 (opportunity to earn good-time credits is not cognizable liberty interest because such loss would not inevitably lead to a shorter sentence; noting that "speculative, collateral consequences ... do not create constitutionally protected liberty interests") (citing Meachum v. Fano, 427 U.S. 215, 229 n.8 (1976)); Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (no liberty interest at issue where loss of job did not "inevitably affect the duration of his sentence") (quoting Sandin, 515 U.S. at 487).  However, because respondent concedes the point, it is assumed that petitioner does have such an interest.  (D.E. 17, at 9-10).

### 2.      Petitioner's Rights were not Violated in Case Number 20070122816.

When a prisoner has a protected liberty interest in the loss of good-time credit, it cannot be taken without procedural due process.  Henson v. U. S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000) (per curiam); see also Wolff, 418 U.S. at 557 (explaining that when the state creates a liberty interest, prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not

17

arbitrarily abrogated"). However, because a prison disciplinary hearing is not part of a criminal prosecution, "the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556 (citation omitted). If an inmate faces disciplinary action that threatens a liberty interest, he must be provided: (1) a written notice of the charges against him, provided at least twenty-four hours before the hearing; (2) a written statement by the fact-finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. Id. at 563-66; Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000). Respondent has presented uncontroverted evidence that petitioner was given twenty-four hours written notice, DHR at 5, and a written statement of the evidence relied on and the reasons for imposing punishment. Id. at 8. Petitioner does not allege, nor does the record indicate, that the hearing officer denied any specific request to present evidence or to call witnesses. (D.E. 1, at 16); DHR at 8. In fact, the investigation worksheet indicates that petitioner did not request to call any witnesses or introduce documentary evidence. DHR at 6; see also Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) ("In his brief, [petitioner] did not allege that he made an oral request to the hearing officer to call witnesses. Thus, the reason no witnesses were called was the fault of

18

[petitioner] or his counsel substitute....").  It is therefore respectfully recommended that the disciplinary hearing did not violate petitioner's right to procedural due process.

Next, petitioner alleges that his counsel substitute did not provide effective assistance during the disciplinary hearing.  A prison inmate has no constitutional right to either retained or appointed counsel in a disciplinary proceeding.  Baxter v. Palmigiano, 425 U.S. 308, 315 (1976) (citing Wolff, 418 U.S. at 570); Enriquez v. Mitchell, 533 F.2d 275, 276 (5th Cir. 1976) (per curiam).  As there is no constitutional right to counsel in a disciplinary proceeding, a prisoner cannot be deprived of effective assistance of counsel, even where counsel or "substitute counsel" is appointed.  See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982).  It is therefore respectfully recommended that petitioner's right to counsel was not violated.

Petitioner's insufficient evidence claim is also meritless.  Federal habeas review of the evidentiary support for a hearing officer's decision is extremely limited; due process requires only "some evidence to support the findings made in the disciplinary hearing."  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985); see also Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (per curiam) ("Prison disciplinary proceedings are overturned only where no

evidence in the record supports the decision.") (citing <u>Smith v. Rabalais</u>, 659 F.2d 539, 545 (5th Cir. 1981) (relevant inquiry is whether "any evidence at all" supports disciplinary action taken by prison officials)).  A federal court should not disturb a hearing officer's decision unless the petitioner can show that it was arbitrary and capricious.  <u>Banuelos</u>, 41 F.3d at 234 (citation omitted).  The Fifth Circuit has remarked that an incident report, written by an officer with first hand knowledge, is "some" evidence to support the prison disciplinary board's finding of guilt. <u>Hudson v. Johnson</u>, 242 F.3d 534, 537 (5th Cir. 2001) (citation omitted). Respondent has produced such an incident report, DHR at 9, along with evidence that petitioner admitted being out of place without authorization.  <u>Id.</u> at 8; <u>see</u> <u>also</u> <u>id.</u> at 7 (hearing officer relied on the incident report and admission at hearing).  It is therefore respectfully recommended that the hearing officer's finding of guilt was supported by sufficient evidence.

Petitioner's final claim is that the hearing officer's punishment was too severe because he violated state regulations and laws by taking good-time credits that petitioner had not yet accrued.  The Director of the TDCJ-CID may enact policies concerning inmate discipline.  Tex. Gov't. Code. Ann. § 494.002.  A prison authority's failure to follow internal rules or administrative procedures does not violate due process as long as the proceedings comply with constitutional

20

minimums.[6] <u>Stanley v. Foster</u>, 464 F.3d 565, 569 (5th Cir. 2006) (citation

omitted).  Furthermore, petitioner's punishment is within the prescribed range.

TDCJ Disciplinary Rules and Procedures, at 17 ("Loss of good conduct time" is

permissible punishment for major disciplinary violation), <u>id.</u> at 39 (prisoner may

lose up to 30 days of good-time credit for first "out of place" offense).  Because the

hearing in case number 2007122816 otherwise complied with due process

requirements, it is respectfully recommended that petitioner's rights were not

violated.

---

[6] The Texas Code does not explicitly provide for the forfeiture of unearned good-time credit.  Tex. Gov't. Code. Ann. § 498.004(a) ("If, during the actual term of imprisonment ... the inmate commits an offense or violates a rule of the division, the department may forfeit all or any part of the inmate's <u>accrued</u> good conduct time.") (emphasis added). To the extent that petitioner challenges the Director's interpretation of that statute, his claim is not cognizable in a habeas petition because he does not allege a constitutional violation.  <u>Wolff</u>, 418 U.S. at 557 ("the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison").

## V.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 17), be granted and that petitioner's motion for summary judgment, (D.E. 19), be denied.

Respectfully submitted this 9th day of November 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13; United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n.</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).