UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY KELLY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-07-259 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

On November 9, 2007, United States Magistrate Judge Brian L. Owsley signed a Memorandum and Recommendation recommending that respondent's motion for summary judgment (D.E. 17) be granted and that petitioner's motion for summary judgment (D.E. 19) be denied. On November 27, 2007, petitioner filed Objections to the Magistrate's Recommendations.

Having reviewed the findings of fact and conclusions of law therein, as well as the pleadings on file and petitioner's objections, and having made a *de novo* disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, *see Koetting v. Thompson*, 995 F.2d 37 (5th Cir. 1993), 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P.72(b), the Court hereby adopts as its own the findings and conclusions of the Magistrate Judge.

Accordingly, it is ORDERED that respondent's motion for summary judgment is granted, petitioner's motion for summary judgment is denied, and petitioner's petition for writ of habeas corpus is dismissed with prejudice.

CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, petitioner is not entitled to a certificate of appealability as to his claims.

The clerk shall enter this order and provide a copy to all parties.

SIGNED and ORDERED this 30th day of November, 2007.

_____
Janis Graham Jack
United States District Judge